UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORBO PROPERTIES, LTD., | ) | CASE NO. 1:09-CV-0501 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| vs. | ) | |
| | ) | |
| SENECA INSURANCE | ) | |
| COMPANY INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Robert E. Chudakoff (0038594)
Kate E. Ryan (0068248)
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street – Suite 1100
Cleveland, Ohio 44113-1448
Tel: (216) 583-7000
Fax: (216) 583-7001
rchudakoff@ulmer.com
kryan@ulmer.com

Attorneys for Defendants
Seneca Insurance Company, Inc.,
Strongrich Reschly, Inc., Jeffrey M. Maxwell,
Churchwell Fire Consultants, Inc., and
Brian Churchwell

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

I. **INTRODUCTION**

This is an insurance coverage dispute, which arises out a fire that occurred on June 30, 2008, at commercial building located in Cleveland, Ohio and owned by Plaintiff Corbo Properties, Ltd. ("Plaintiff"). (Complaint ¶ 2). Plaintiff insured its property through Defendant Seneca Insurance Company, Inc. ("Seneca"). A copy of the insurance policy issued by Seneca to Plaintiff is attached to Plaintiff's Complaint. (Complaint ¶1). Plaintiff and Seneca are the only parties to the insurance contract. (Complaint ¶1). Defendants Strongrich Reschly, Inc. and Jeffrey M. Maxwell, individually, (collectively "Maxwell"), and Churchwell Fire Consultants, Inc. and Brian Churchwell, individually, (collectively "Churchwell") are not parties to the insurance contract. (Complaint ¶1 and insurance policy attached thereto). Seneca retained Maxwell as its outside insurance adjusters to assist in the handling and adjustment of the claim. Seneca retained Churchwell as an independent expert to investigate and render an opinion on the origin and cause of the fire.

On February 13, 2009, Plaintiff filed the within breach of contract and bad faith action in the Cuyahoga County Court of Common Pleas against Seneca, the insurer, and also against the non-contractual defendants Maxwell and Churchwell. Seneca removed the case to this Court pursuant to diversity jurisdiction. This Motion to Dismiss pertains solely to the purported claims against the non-contractual defendants, Maxwell and Churchwell.

In its Complaint, Plaintiff fails to identify or specify Maxwell or Churchwell in any allegation or claim. (See, Complaint). Plaintiff alleges its breach of contract and purported bad faith claims against Seneca in paragraphs 1-4 of the Complaint, and purports to allege a claim for declaratory judgment on the Seneca insurance policy in paragraphs 10-11. Plaintiff purports to allege claims against "Defendants" generally in paragraphs 5-9:

5. At all times relevant, the actions of the **Defendants** are in violation of the Ohio Unfair Trade Practices Act contained in OAC 3901-1-07 and the Ohio Unfair Properties/Casualty Claims Settlement Practices Act contained in OAC 3901-1-54.

6. At all times relevant, the actions of the **Defendants** are in violation of the Ohio Unfair or Deceptive Insurance Act contained in Ohio Revised Code section 3901.20, 3901.21, and 3901.22.

7. At all times relevant, the **agents of the Defendants** made defamatory statements that occurred in the investigation of the fire loss, and have slandered the Plaintiff and otherwise interfered with the business of the insured, and portrayed the Plaintiff in a false light. Said statements are actionable per se and per quod.

8. At all times relevant, the conduct and/or omissions of the **Defendant and its agents** was negligent, willful, wanton, reckless, intentional, and/or malicious.

9. As a result of the conduct of the **Defendants**, Plaintiff has been damaged in excess of the policy limits available under the Seneca Policy of Insurance, including but not limited to, ongoing property damage, diminished value of the property, loss of business, loss of earning, debt service incurred, loss of reputation, loss of rental income, loss of premium, attorney's fees, interest, and has otherwise been damaged.

(Complaint ¶¶5-9) (emphasis added).

Each claim against Maxwell and/or Churchwell is subject to dismissal for several reasons. First, there is no private cause of action for Plaintiff's administrative and statutory claims. Second, Plaintiff's defamation claim fails the notice pleading requirements and otherwise establishes as a matter of law that the unidentified statements, if they were made, would be privileged. Third, a known agent of a disclosed principal cannot be held liable for any alleged breach of contract or negligence that occurred within the scope of the agent's duties. As a matter of law, claims against an insurer's known agents fail completely, particularly when, as in the present case, such claims are asserted in a transparent effort to destroy the diversity of citizenship between a plaintiff and its out-of-state insurer. *See Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("fraudulent joinder of non-diverse defendants will not defeat

removal on diversity grounds"). For these reasons, this Court should dismiss all of Plaintiff's claims against Defendants Strongrich Reschly, Inc., Jeffrey M. Maxwell, Churchwell Fire Consultants, Inc., and Brian Churchwell.

## II. LAW AND ARGUMENT

Plaintiff cannot maintain any cause of action in contract against Maxwell or Churchwell because they are not parties to the insurance contract. Seneca is the only party in contractual privity with Plaintiff under the policy. (Complaint ¶1 and policy attached thereto). Maxwell and Churchwell, however, are known agents of a disclosed principal – Seneca. (Complaint ¶7). Indeed, Plaintiff concedes that the alleged actions of Maxwell and Churchwell occurred during Seneca's investigation of the insurance claim, i.e., in the course and scope of performing their duties as agent's of Seneca. (Complaint). With the exception of the alleged defamation claim, which fails as a matter of law for separate reasons, Plaintiff's Complaint fails to allege any basis for imposing liability against Maxwell or Churchwell independent of their agency relationship with Seneca.

### A. Standard Of Review

Under Fed. R. Civ. P. 12(b)(6), a complaint is subject to dismissal when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999).

Plaintiff's claims are governed by the notice pleading requirements of Fed. R. Civ. P. 8. *Conocophillips Co. v. Shaffer*, 2005 U.S. Dist. LEXIS 20384 (N.D. Ohio) (citations omitted); *Trebilcock v. Elinsky*, 2006 U.S. Dist. LEXIS 6495 (N.D. Ohio). A complaint must offer the defendant a fair notice of the claim, the grounds upon which it rests, and it "must set forth more than the bare assertion of legal conclusions." *Trebilcock*, 2006 U.S. Dist. LEXIS 6495 *7 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The notice pleading standard requires that a claim

3

state the material elements under some viable legal theory. Id. (citing *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988)). "Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review." Id. (citations omitted). Where the claim lacks an allegation of a required element for the relief it seeks, dismissal is appropriate. Id.

> **B.    There Is No Private Cause Of Action Under The Ohio Administrative Code And/Or Ohio Revised Code Provisions That Plaintiff Alleges Were Violated**

Ohio's administrative code and statutes regulate the insurance industry and create an administrative review process for an insurance company's trade and claims practices. *Kenty v. Bank One*, 92 F2d 384, 391-392 (6th Cir. 1996). An insured, on the other hand, has no private cause of action against an insurance company for alleged unfair or deceptive trade practices.

Thus, in *Strack v. Westfield Companies*, 33 Ohio App.3d 336, 337 (9th Dist. 1986), the Court held:

> The [insureds] contend that Ohio Adm. Code 3901-1-7 [now § 3901-1-54] creates an implied private cause of action in favor of insureds. The declared purpose of this regulation is to supplement R.C. 3901.21, which defines unfair or deceptive trade practices in the insurance industry. Ohio Adm. Code 3901-1-07(B). Subsection (C) of the Regulation enumerates sixteen unfair practices which "[i]t shall be deemed an unfair or deceptive practice to commit or perform with such frequency as to indicate a general business practice."
>
> \*   \*   \*
>
> *Nowhere in the Ohio statutory or regulatory framework prescribing deceptive trade practices in insurance does it provide a civil remedy to a private party aggrieved by an insurer.* The [insureds] urged this court to extrapolate such a remedy from those statutes and the regulations set out above. This court declines to do so.
>
> \*   \*   \*
>
> The Department of Insurance was established in order to determine what insurance practices were unfair or deceptive and how to best control them. The combination of administrative remedies and civil penalties reflects the legislative

solution to a problem perceived by it. This court will not substitute its judgment for that of the legislature, which could have easily expressly provided for such a remedy. [Citation omitted] [Emphasis added]

In *Furr v. State Farm Mut. Auto. Ins. Co.*, 128 Ohio App.3d 607 (6th Dist. 1999), the Court agreed that the Ohio Administrative Code does not create a private cause of action for violation of its rules, and therefore, should not be even be considered as evidence of bad faith. The Court quoted with approval from *Griffith v. Buckeye Union Ins. Co.*, 1987 Ohio App. LEXIS 8971 (10th Dist.):

> "Plaintiffs also contend that R.C. 3901.21 and its corollary Ohio Adm. Code 3901-1-07 *et seq.* are evidence of the standard of conduct required by an insurer doing business in its jurisdiction. The Ohio Department of Insurance rules, however, do not create a private cause of action, but are regulatory in nature. Thus, the rules cannot be considered evidence of the applicable standard of bad faith."

*Furr*, supra, 128 Ohio App.3d at 616-17 (quoting *Griffith*, supra, at *16-17); see also, *Retail Ventures, Inc. v. National Union Fire Ins. Co*., 2007 U.S. Dist. LEXIS 26990 (S.D. Ohio) ("the Ohio Administrative Code does not create a cause of action for violation of its rule, and therefore, should not be considered as evidence of bad faith.").

Since Ohio law does not recognize a private cause of action by insureds for alleged unfair claims practices under the Ohio Administrative or Revised Code, Plaintiff's claims for such alleged violations (Complaint ¶¶5-6) against all the defendants fail as a matter of law and should be dismissed.

### C. Plaintiff's Defamation And Derivative Claims Against Maxwell And Churchwell Fail To State Any Claim Upon Which Relief Can Be Granted

Under Ohio law, the elements of a defamation claim are: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the

5

statement irrespective of special harm[1] or the existence of special harm caused by the publication." *Patrick v. Cleveland Scene Publ'g*, 582 F. Supp. 2d 939, 947 (N.D. Ohio 2008) (quoting *Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc.*, 81 Ohio App. 3d 591 (9th Dist. 1992)); *Trebilcock*, 2006 U.S. Dist. LEXIS 6495 *16 ("defamation is a false publication that injures a person's reputation, exposes him to public hatred, contempt, . . . or affects him adversely in his trade or business.") *Celebrezze v. Dayton Newspapers*, *Inc*., 41 Ohio App. 3d 343, 346-347 (8th Dist. 1988).

> Plaintiff's purported defamation claim consists solely of the following allegation:
>
> 7. At all times relevant, the agents of the Defendants made defamatory statements that occurred in the investigation of the fire loss, and have slandered the Plaintiff and otherwise interfered with the business of the insured, and portrayed the Plaintiff in a false light. Said statements are actionable per se and per quod. (Complaint ¶7)

Pursuant to Fed. R. Civ. P. 8 alone, the claim should be dismissed.

Plaintiff's defamation and any derivative claim contained in paragraph 7 altogether fails to assert any material elements of a claim upon which relief may be granted. Aside from the fact that Plaintiff failed to identify the actual statement, its speaker, or who/what the alleged statement concerns, there is no allegation that the unknown statement is even false. Further, the allegation is silent on the material element of an *unprivileged* publication or even publication to a third-party at all. In failing to allege a publication, Plaintiff also failed to allege negligence or other fault in making the publication. Finally, the complaint is silent on the issue of damages specific to the statement. Pursuant to *Patrick*, *Akron-Canton Waste Oil* and *Trebilcock*, supra,

---

[1] Certain publicized, false and disparaging statements are considered defamation *per se* and damages are presumed. *Campbell v. Triad Fin. Corp.*, No. 5:07-CV-579, 2007 U.S. Dist. LEXIS 77623 (N.D. Ohio 2007) (Gwin, J.).

6

Plaintiff completely failed to meet even the minimal Rule 8 pleading requirements of a defamation claim.

Aside from the wholly inadequate pleading, Plaintiff's own allegations establish that the unidentified alleged statement, even if made, would be subject to a qualified privilege. Qualified privileged statements or communications among interested parties are not defamation unless made with actual malice. *Rennick v. Provident Bank*, 2008 U.S. Dist. LEXIS 19111 *20 (S.D. Ohio) (reports of a crime may have a qualified privilege);[2] *Curtis v. Wozniak*, 1987 Ohio App. LEXIS 6876 (8th Dist.) (qualified privilege for statements regarding an attorney's investigation).

> A qualified or conditionally privileged communication is one made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right or interest. The essential elements thereof are good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only.

Id. at *8-9 (citing *Hahn v. Kotten*, 43 Ohio St. 3d 237 (1975)). When parties have an interest or duty in the communication, full and unrestricted communication concerning the matter justifies the privilege. *Hahn*, 43 Ohio St. 3d at 246. "All that is necessary to entitle such communications to be regarded as privileged is, that the relation of the parties should be such as to afford reasonable ground for supposing an innocent motive for giving information, and to deprive the act of an appearance of officious intermeddling with the affairs of others." Id.

Plaintiff established the qualified privilege in its own Complaint. According to the Complaint, the alleged defamatory statements occurred "*in the investigation of the fire loss.*" (emphasis added) (Complaint ¶7). Plaintiff and Seneca had a common interest in the insurance

---

[2] Statements such as truthful, opinion, or judicial statements are absolutely privileged. *Trebilcock*, 2006 U.S. Dist. LEXIS 6495 at *17 (re: opinion statements); *Rennick v. Provident Bank*, 2008 U.S. Dist. LEXIS 19111 at *20 (re: statements in judicial proceedings).

7

contract and in the resolution of Plaintiff's insurance claim for the fire loss. (Complaint ¶1-3). Therefore, paragraph 7 of the Complaint establishes that the allegedly defamatory statement, even if made, would be subject to a "common interest" qualified privilege and there is no allegation to the contrary.

> 1. **Plaintiff's "interference" claim, which is derivative of its defamation claim, is defective**

The tort of interference with a business relationship generally occurs when, absent a privilege, a person induces or purposely causes a third person to avoid or abandon a business relationship. *A & B-Abell Elevator Co., Inc. v. Columbus/Central Ohio Bldg & Constr. Trades Council*, 73 Ohio St. 3d 1, 14 (1995) (citations omitted); *Akron-Canton Waste Oil*, 81 Ohio App. 3d at 598-599 (regarding disparaging comments as the source of the interference). When the interference claim arises out of an alleged defamatory statement, Ohio law requires actual malice. Thus, in *A & B-Abell Elevator*, supra, the Ohio Supreme Court held:

> We hold that where claims such as tortious interference and disparagement are based on statements that are qualifiedly privileged under defamation law, the protections afforded those statements . . . must also apply in the derivative claims.

*A & B-Abell Elevator*, 73 Ohio St. 3d at 14.

Plaintiff's vague claim that the defendants "otherwise interfered with the business of the insured" at paragraph 7 fails the Rule 8 notice pleading requirements because it fails to alleged the required elements of such a claim. (See Complaint ¶7) And, even if Plaintiff stated a cognizable claim for business interference, which it did not, Plaintiff cannot overcome the qualified privilege it established by its own allegation in the Complaint. See *A & B-Abell Elevator*, 73 Ohio St. 3d at 14. Thus, any purported "interference" claim against Maxwell and Churchwell is baseless and should be dismissed.

## 2. Plaintiff's "false light" claim, which is derivative of its defamation claim, is defective

In 2007, the Ohio Supreme Court recognized the false-light invasion of privacy tort by adopting the Restatement of the Law 2d, Torts, §652(E):

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Patrick v. Scene*, 582 F. Supp. 2d at 954 (quoting *Welling v. Weinfeld*, 113 Ohio St. 3d 464, ¶61 (2007)).  The elements of defamation and false light claims are similar.  Id.  Yet, the Ohio Supreme Court held in *Welling* that the publicized statement must be untrue and that the false light claim

> applies only when the defendant knows that the plaintiff, as a reasonable man, would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity . . . .  The plaintiff's privacy is not invaded . . . when the unimportant false statements are made, even when they are made deliberately.  It is only when there is such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position, that there is a cause of action for invasion of privacy.

Id. (quoting *Welling,* 113 Ohio St. 3d at ¶¶52, 55).  The false light claim is intended to remedy the revelation of intimate and personal, but false, details of a person's private life.  *Welling*, 113 Ohio St. 3d at ¶39.

As a preliminary matter, there is no indication that an entity such as a partnership or corporation may raise a false light claim.  In *Welling*, the Supreme Court's holding speaks to an individual's character and his intimate, personal, private life.  Id.  There is nothing within the Supreme Court's description of a false light claim that extends to an entity.  Id.

9

Regardless, Plaintiff's unspecified and inadequate false light claim fails because it does not meet the minimal notice pleading requirements. The claim has no allegation of a false statement, let alone publication of such a false statement to a third person, or that Plaintiff suffered damages because of a publicized false statement. (Complaint ¶7). Therefore, pursuant to Fed. R. Civ. P. 8, *Welling* and *Patrick*, supra, Plaintiff's false light claim against Maxwell and Churchwell should be dismissed.

> **D.  As Known Agents Of A Disclosed Principal, Neither Maxwell Nor Churchwell Can Be Held Liable To Plaintiff Under Any Contract Or Tort Theory**

Plaintiff's Complaint is devoid of any specific allegations against Maxwell or Churchwell. Rather, Plaintiff vaguely asserts that the alleged wrongful conduct was engaged in by "defendants" without specifying who engaged in what conduct. As set forth below, however, there is no claim, whether couched in contract or tort law, that Plaintiff can sustain in this case against either Maxwell or Churchwell.

> **1.  Plaintiff's contractual claims against Maxwell and Churchwell fail as a matter of law**

It is undisputed, and Plaintiff concedes in its Complaint, that the subject insurance contract was issued by Seneca to Plaintiff. (Complaint ¶1). Neither Maxwell nor Churchwell is, or is alleged to be, a party to the insurance contract. On its face then, any claim for breach of that insurance contract alleged against Maxwell or Churchwell must fail as a matter of law.

Moreover, it is axiomatic that an agent acting on behalf of a disclosed principal is not liable to a third party for the acts of the principal, where the agent assumed no personal responsibility. *Plain Dealer Publ'g Co. v. Worrell*, 179 Ohio App. 3d 485 (2008) (citing *Foster v. Lee Motors, Inc.*, 102 Ohio App. 10 (6th Dist. 1956)); *Edcom Prod., Inc. v. Wattenmaker Ad., Inc.*, 1982 Ohio App. LEXIS 13487 (8th Dist.) (citations omitted); *Eaton v. Continental Gen. Ins.*

10

*Co.*, 147 F. Supp. 2d 829, 837 (N.D. Ohio 2001).  Where it is clear from a complaint that the defendant was an agent for a disclosed principal, the complaint should be dismissed against the agent for failure to state a claim.  See *Campbell v. Murdock*, 90 F. Supp. 297 (N.D. Ohio 1950).

In insurance litigation specifically, Ohio courts have dismissed an insured's claims against the agents of an insurer in breach of contract and bad faith lawsuits.  Thus, in *Goretzki v. Allstate Indem. Co.*, No. 3:90-CV-7078, slip op., (N.D. Ohio Apr. 10, 1991) (copy attached as Exhibit 1), the Northern District of Ohio held:

> Where the agent is acting on behalf of a disclosed principal and as an authorized agent of the same, the agent incurs no personal liability on the contract with the third party.  *Campbell v. Murdock*, 90 F. Supp. 297 . . .  Furthermore, the acts of the agent are imputed to the principal where they are within the scope of the agent's authority.  *DeSantis v. Smeldey*, 34 Ohio App. 3d 218 (1986).
>
> In the case *sub judice*, plaintiff makes no allegations that [the agent] acted outside the scope of his authority to incur personal liability.  Furthermore, plaintiff submits that [the agent] was the acting agent for [the insurer] and as such the insurer is liable for the actions thereon.  As such [the insurer], not [the agent], may be held liable for contractual claims.

See also, *Technology Strategies, Inc. v. Transcontinental Ins. Co.*, No. 5:03-CV-2439, slip op., (N.D. Ohio Feb. 9, 2004) (copy attached as Exhibit 2) (claims against the insurer's adjuster and investigator dismissed because the complaint alleged nothing more than an agency relationship).

The *Technology Strategies* decision is nearly identical to the scenario presented in this case.  In that case, the insured claimed that the adjuster and investigator had "repeatedly and purposely delayed the investigation in various ways while falsely representing to the plaintiff that the insurance company admitted liability and intended to settle the claim."  Id.  In granting a motion to dismiss all claims against the adjuster and investigator, the Northern District of Ohio held:

> In Ohio, the "general rule [is] that '[a]n agent who acts for a disclosed principal and who acts within the scope of his authority and in the name of the principal is ordinarily not liable on the contracts he makes' because the third party intended to

11

deal with the principal, not the agent[.]" *Soberay Mach. & Equipment Co. v. MRF Limited, Inc.*, 181 F.3d 759, 767-68 (6th Cir. 1999) (quoting *Smith & Associates, Inc. v. Everett*, 1 Ohio App.3d 118 (Ohio App. 1981)).

Id. at 3.

The *Technology Strategies* decision is also especially important because the Northern District of Ohio denied the plaintiff's attempt to remand that case. Id. Like this action, in *Technology Strategies* the plaintiff tried to defeat diversity jurisdiction by naming the domestic insurance adjuster and an outside investigator in its breach of insurance contact and bad faith lawsuit. Id. The court denied the plaintiff's motion to remand and dismissed the baseless claims against the adjuster and investigator. Id.

> There is a complete failure to state any legitimate claim against . . . [the individual adjuster and the investigator] in their individual capacities. Therefore, naming them (or rather, naming . . . [the adjuster], an Ohio citizen) cannot destroy diversity. Furthermore, there is no reason to keep them in the lawsuit. They are no more than material witnesses, not defendants.

*Technology Strategies*, 5:03-CV-2439, at p. 6-7.

Like the *Technology Strategies* case, Maxwell and Churchwell were not parties to the insurance contract. They are Seneca's agents and, at best, witnesses; but, they are not proper defendants to this action. Therefore, Plaintiff cannot state a claim against Maxwell and/or Churchwell and they should be dismissed.

### 2. Plaintiff's extra-contractual claims against Maxwell and Churchwell fail as a matter of law

Ohio courts have recognized that an insurer's duty of good faith arises solely out of the contractual relationship between the insurer and the insured. *Eastham v. Nationwide Mut. Ins. Co.*, 66 Ohio App. 3d 843, 846-847 (1st Dist. 1990); *Toledo-Lucas County Port Auth. v. Axa Marine & Aviation Ins.*, 220 F. Supp. 2d 868, 872 (N.D. Ohio 2002). Absent this contractual

relationship, there is no such duty and consequently no viable claim for "bad faith." *Eastham*, 66 Ohio App. 3d at 846-847; see also *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St. 3d 272 (1983).

It is undisputed that Maxwell and Churchwell are not parties to the insurance contract. (Complaint ¶¶1, 7) Absent the insurer-insured relationship, Maxwell and Churchwell owed no duty of good faith to Plaintiff. Nor does Plaintiff allege any duty owed to it by Maxwell or Churchwell. It follows, therefore, that Plaintiff's "bad faith" claims against Maxwell and/or Churchwell for extra-contractual damages or punitive damages must be dismissed for failure and inability to state a claim.

### 3. Ohio law prohibits a negligence claim in a breach of insurance contract and bad faith suit

An insured has no claim for negligence against his insurer because their relationship is contractual and it is defined by the insurance contract. *Johnson v. State Farm Ins. Co.*, 1999 Ohio App. LEXIS 6071 (8th Dist) (citations omitted).

> In Ohio an insurer cannot be sued for negligence by an insured. It is well settled that an insurance policy is a contract and that the relationship between the insured and the insurer is purely contractual in nature.

Id. at *8; *Pappas v. State Farm Fire & Cas. Co.*, 2007 U.S. Dist. LEXIS 97377 *14 (S.D. Ohio), *aff'd*, 271 Fed. Appx. 519 (6th Cir. 2008).

Agency principles prevent an insured from indirectly raising a negligence claim against his insurer by naming its agent in a breach of insurance contract/bad faith action. A negligence claim against the insurer's agent fails for lack of a duty owed.

> The appellant's claim for "negligence" against [the adjuster] must fail because there is no duty owed by an insurance adjuster, in his individual capacity, to a person making a claim on their policy of insurance. Because [the adjuster] owed no duty to the plaintiffs in the course of the parties' dealings, there can be no recovery by the appellants against [the adjuster] for the tort of negligence.

*Johnson v. State Farm*, 1999 Ohio App. LEXIS 6071.

13

Likewise, the duty of an insurance company's retained fire investigator, if any, arises solely out of the agency relationship.  See, *Technology Strategies*, supra (fraud claims against an insurer's adjuster and investigator dismissed on agency principles).  But for the agency relationship, the alleged representations would not be actionable.  Id.

Plaintiff's Complaint fails to allege that Maxwell or Churchwell owed Plaintiff any duty whatsoever.  And, Ohio law prevents Plaintiff from obscuring an otherwise straightforward insurance contract/bad faith action by naming known agents of a disclosed principal in the lawsuit in a transparent attempt to destroy diversity jurisdiction.  Thus, Plaintiff's negligence claim against Maxwell or Churchwell, if any, is baseless on its face and should be dismissed. Similarly, Plaintiff's purported negligence claim against Seneca is not a cognizable claim under Ohio law and should be dismissed.

### 4. **Plaintiff's demand for punitive damages against Maxwell or Churchwell is prohibited**

Plaintiff cannot recover punitive damages from Maxwell or Churchwell unless it can first recover compensatory damages.  R.C. §2315.21(C).  Since Plaintiff has failed to state any claim against Maxwell and Churchwell upon which relief can be granted for compensatory damages, Plaintiff's purported punitive damage claim against them must also be dismissed.

### E. **Maxwell And Churchwell Are Not Indispensible Parties And May Be Dropped From This Litigation Pursuant To Fed. R. Civ. P. 21**

Fed. R. Civ. P. 21 expressly authorizes a district court to drop parties by order of the court, or to sever claims that may be proceeded with separately.  In the context of the question of diversity jurisdiction, the district court clearly has authority to drop non-diverse parties who are not considered indispensable.

Thus, in *Field v. Volkswagenwerk AG*, 626 F.2d 293, 296-97 (3d Cir. 1980), wherein the Third Circuit Court of Appeals held:

14

> The authority of a district court to drop non-diverse parties whose presence is not essential to the suit in order to preserve and perfect its diversity jurisdiction is well-established, [citations omitted] …. Whether a party may be dropped depends on whether the party is "indispensable" to the just and meaningful litigation of the claims remaining in the suit. As early as 1873, the Supreme Court instructed:
>
>> "And the question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of the parties, whether to a decree authorized by the case presented, they are indispensable parties, for it their interests are severable and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained and the suit dismissed as to them."
>
> *Horn v. Lockhart*, 84 U.S. (17 Wall.) at 579.

In the present case, it is clear that Maxwell and Churchwell are *not* indispensable parties. They are at best witnesses, not proper defendants. Plaintiff's Complaint fails to state any claim against them upon which relief can be granted. Dropping them as parties in this case, however, would not prevent Plaintiff from obtaining their deposition testimony or garnering whatever other evidence Plaintiff can find, if any, to support a purported "bad faith" claim against Seneca. There is no independent claim for damages against Maxwell or Churchwell, as separate defendants, that is necessary to the "just and meaningful litigation of the claims remaining in the suit."

### III. <u>CONCLUSION</u>

For all of the foregoing reasons and pursuant to Rule 12(b)(6), Defendants respectfully urge the Court to dismiss all of Plaintiff's claims against Defendants Strongrich Reschly, Inc., Jeffrey M. Maxwell, Churchwell Fire Consultants, Inc. and Brian Churchwell. Further, Seneca respectfully urges the Court to dismiss Plaintiff's purported claims for "negligence" and violation of the Ohio Administrative Code and/or Ohio Revised Code as these are not cognizable claims under Ohio law.

15

CERTIFICATION OF COMPLIANCE WITH PAGE LIMIT

The undersigned counsel hereby certifies that this case has not yet been assigned to a track but the foregoing Memorandum in Support of Defendant's Motion to Dismiss adheres to the page limitations in standard track cases for memoranda related to dispositive motions set forth in LR 7.1.

                                        Respectfully submitted,

                                        *s/ Robert E. Chudakoff*
                                        Robert E. Chudakoff (0038594)
                                        Kate E. Ryan (0068248)
                                        ULMER & BERNE LLP
                                        Skylight Office Tower
                                        1660 West 2nd Street – Suite 1100
                                        Cleveland, Ohio  44113-1448
                                        Tel: (216) 583-7000
                                        Fax: (216) 583-7001
                                        rchudakoff@ulmer.com
                                        kryan@ulmer.com

                                        Attorneys for Defendants
                                        Seneca Insurance Company, Inc.,
                                        Strongrich Reschly, Inc., Jeffrey M. Maxwell,
                                        Churchwell Fire Consultants, Inc., and Brian
                                        Churchwell

CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2009, the foregoing Memorandum in Support of Defendants' Motion to Dismiss was electronically filed.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Case Filing system.  Parties and their counsel may access this filing through the Court's Electronic Case Filing System.  Counsel of record include:

>Raymond J. Schmidlin, Jr. (0042387)
>DYSON, SCHMIDLIN & FOULDS CO., L.P.A.
>5843 Mayfield Road
>Mayfield Heights, Ohio 44124
>Tel (440) 461-9000
>Fax (440) 461-61008
>rschmidlin@dsf-law.com
>
>Attorney for Plaintiff

>s/ *Robert E. Chudakoff*
>One of the Attorneys for Defendants
>Seneca Insurance Company, Inc.,
>Strongrich Reschly, Inc., Jeffrey M. Maxwell,
>Churchwell Fire Consultants, Inc., and
>Brian Churchwell

1761516v2
21524.00060