IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY GORETZKI,

        Plaintiff(s),

   -vs-

ALLSTATE INDEMNITY COMPANY, et al.,

        Defendant(s).

Case No. 3:90CV7078

MEMORANDUM AND ORDER

WALINSKI, J.

This matter is before the Court on defendant's motion to dismiss and plaintiff's opposition thereto. Also before the Court is plaintiff's motion for remand which defendant opposes. This Court has jurisdiction pursuant to 28 U.S.C. §1332.

This case involves a breach of contract claim by the insured against the insurer. Previously, this Court granted defendant Allstate Indemnity Co. ("Allstate") partial summary judgment on claims of bad faith and emotional distress. See, Order dated October 17, 1990. In addition, the Court granted plaintiff leave to amend his complaint in accordance with the partial summary judgment ruling. Thereafter, plaintiff submitted his amended complaint. Defendant now seeks a motion to dismiss the

AO 72A
(Rev. 8/82)

2

first amended complaint submitted by Jeffrey Goretzki ("Goretzki") as to the claims against agent Otis Bell ("Bell").

In deciding a motion to dismiss under Rule 12(b) Fed. R. Civ. P., the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, <u>Hishon v. King & Spalding</u>, 467 U.S. 69 (1984), while viewing the complaint in a light most favorable to the plaintiffs. <u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974); <u>Westlake v. Lucas</u>, 537 F.2d 857, 858 (6th Cir. 1976). The Court is without authority to dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief. <u>Conley v. Gibson</u>, 355 U.S. 41 (1957); <u>Westlake</u>, <u>supra</u>, at 858. <u>See</u> <u>generally</u> 2A J. Moore, W. Taggert & J. Wicker, <u>Federal</u> <u>Practice</u>, ¶12.08 (2d ed. 1985).

This Court's previous order left standing claims against Allstate sounding in breach of contract and specifically allowed plaintiff to amend his complaint "for the purpose of adding another party and need reflect the above rulings."

Plaintiff's amended complaint seeks to name Bell, agent for Allstate, as a party defendant and alleges "fraud" as

AO 72A
(Rev. 8/82)

3

well as extra-contractual damages.[1]  Bell is named as an agent of the insurer and the claim also seeks compensation from Allstate as the principal.  Defendant submits that the fraud claim is in reality an defense to Allstate's affirmative defense of fraud by Goretzki.[2]

Where the agent is acting on behalf of a disclosed principal and as an authorized agent of the same, the agent incurs no personal liability on the contract with the third party. Campbell v. Murdock, 90 F. Supp. 297 (N.D. Ohio 1950). Furthermore, the acts of the agent are imputed to the principal where they are within the scope of the agent's authority. De Santis v. Smedley, 34 Ohio App. 3d 218, 517 N.E. 2d 1038 (1986).

In the case sub judice, plaintiff makes no allegations that Bell acted outside the scope of his authority to incur personal liability.  Furthermore, plaintiff submits that Bell was the acting agent for Allstate and as such the insurer is

---

[1] Plaintiff's complaint also alleges claims for emotional distress and economic loss.  Complaint at ¶27.

[2]. In response to plaintiff's claim of breach of contract, Allstate alleged fraudulent misrepresentation on the insurance application.  Allstate claims that this misrepresentation voided Allstate's obligation to cover the claim.

4

liable for the actions thereon. As such Allstate, not Bell, may be held liable for contractual claims. The fraud claim alleged by plaintiff must be treated similarly as plaintiff does not seek personal liability by Bell. That notwithstanding, plaintiff's amendment does not conform to the Court's previous order and as such must be dismissed.

In addition, plaintiff's claim for emotional distress must also be dismissed as we previously granted partial summary judgment to Allstate on that issue. Therefore, finding that the claims against Bell fail to state claims upon which relief can be granted, the Court finds defendants' motion well taken and grants the same.

Having granted defendants' motion to dismiss we find plaintiff's motion for remand and defendants' motion for reconsideration to be denied as moot.

It is therefore,

**ORDERED** that defendants' motion to dismiss plaintiff's first amended complaint as claims against Bell is granted.

**FURTHER ORDERED** that plaintiffs' motion for remand is denied as moot.

5

**FURTHER ORDERED** that defendants' motion for reconsideration is denied as moot.

                                                              */s/ Nicholas J. Walinski*
                                               NICHOLAS J. WALINSKI
                                               SENIOR U. S. DISTRICT JUDGE

TOLEDO, OHIO
April 9, 1991

AO 72A
(Rev. 8/82)